IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER STROSS, | § § § | |
| *Plaintiff*, | § § | 5-18-CV-01039-FB-RBF |
| vs. | § § § | |
| HEARST COMMUNICATIONS, INC., HEARST CORPORATION, HEARST NEWSPAPERS, LLC, HEARST NEWSPAPERS II, LLC, HEARST SEATTLE MEDIA, LLC, HEARST MEDIA SERVICES CONNECTICUT, LLC, MIDLAND PUBLISHING COMPANY. LLC, HURON PUBLISHING COMPANY, LLC, EDWARDSVILLE PUBLISHING COMPANY, LLC, | § § § § § § § § § § § § § | |
| *Defendants*. | | |

## ORDER

Before the Court is the status of the above-referenced case, which was referred to me for disposition of all pretrial matters pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 52. On July 23, 2019, I held an Initial Pretrial Conference at which all parties appeared through counsel of record. For the reasons discussed on the record at the July 23 hearing, **IT IS ORDERED THAT**:

1) Defendants' Motion for Protective Order, Dkt. No. 57, is **GRANTED**. The Court will enter the standard Western District of Texas Protective Order by separate order.

2) Within **seven (7) days** from the date of the hearing, the parties shall meet and confer in good faith and submit to the Court a mutual agreeable ESI Protocol for the Court's adoption.

3) Plaintiff's Motion to Strike Defendants' Affirmative Defenses, Dkt. No. 44, is **HELD IN ABEYANCE**. Within **seven days (7)** from the date of the hearing, Defendants shall amend their Answer to add specific factual allegations in support of Affirmative Defenses Numbers 4 and 5 so as to provide Plaintiff with fair notice of these defenses. To the extent Defendants seek to reserve their rights to add additional affirmative defenses, they should amend their Answer to make clear that any such amendment will be in accordance with the Federal Rules of Civil Procedure. Plaintiffs should expect that the filing of the Amended Answer will moot their Motion to Strike, Dkt. No. 44.

4) Plaintiff's Motion to Compel, Dkt. No. 47, is **GRANTED IN PART AND DENIED IN PART** as follows:

- Defendants' General Objections are **OVERRULED**.
- Within **twenty-one (21) days** from the date of the hearing, Defendants shall supplement their responses to Plaintiff's Requests for Interrogatories and Requests for Production with the information requested at the hearing. Specifically, to the extent Defendants are objecting to a request on the grounds that Plaintiff is requesting a legal conclusion or has posed a vague or ambiguous request, Defendants shall explain why they believe the question is objectionable and how they define the term at issue. *Defendants shall then answer the question to the best of their ability*. Defendants shall also properly raise any privilege objections in accordance

      with Federal Rule of Civil Procedure 26(b)(5)(A). Failure to properly raise and preserve an assertion of privilege may result in waiver of the privilege. Finally, in response to all written discovery requests, Defendants should indicate whether an answer or other responsive materials are being withheld or are unavailable. If information is unavailable, Defendants should specify whether they have conducted a reasonable and diligent search for the requested information.

- All other relief requested and not expressly granted herein is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 26th day of July, 2019.

                                                      _____
                                                      RICHARD B. FARRER
                                                      UNITED STATES MAGISTRATE JUDGE