IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

<table>
<tr><td>

ALEXANDER STROSS,

     Plaintiff,

v.

HEARST COMMUNICATIONS, INC., THE
HEARST CORPORATION, HEARST
NEWSPAPERS, LLC, HEARST NEWSPAPERS
II, LLC, HEARST SEATTLE MEDIA, LLC,
HEARST MEDIA SERVICES CONNECTICUT,
LLC, EDWARDSVILLE PUBLISHING
COMPANY, LLC, MIDLAND PUBLISHING
COMPANY, LLC, and HURON PUBLISHING
COMPANY, LLC,

     Defendants.

</td><td>

Civil Action No. 5:18-cv-01039-JP-RBF

</td></tr>
</table>

**RESPONSE TO PLAINTIFF'S OBJECTION AND MOTION TO EXCLUDE
CERTAIN EVIDENCE IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Hearst Communications, Inc. ("HCI"), The Hearst Corporation, Hearst

Newspapers, LLC, Hearst Newspapers II, LLC, Hearst Seattle Media, LLC, Hearst Media

Services Connecticut, LLC, Edwardsville Publishing Company, LLC, Midland Publishing

Company, LLC, and Huron Publishing Company, LLC ("Defendants") hereby respond to

Plaintiff's objection and motion to exclude certain evidence Defendants have submitted in

support of their Motion for Partial Summary Judgment, *see* ECF No. 97 (the "Motion").

     1.     Defendants agree that Mr. Sitwala is not a competent witness to authenticate

Exhibits I, J, and L to his June 15, 2020 declaration and to lay a foundation for their admission

over any hearsay objection. To lay that foundation for Exhibits I and J, Defendants hereby

submit a declaration from Bridget Williams, the Senior Vice President, Strategy and Operations

for Hearst Newspapers Digital Media. *See Cause of Action Inst. v. Internal Revenue Serv.*, 316 F. Supp. 3d 99, 109 (D.D.C. 2018) (considering reply declarations that cured deficiency in prior summary judgment declaration). The creation of Exhibit L—which was generated and produced in connection with verified interrogatory responses that Plaintiff does not challenge (*see* Stiwala Decl., Exhibit K)—is addressed in paragraph 3 of the accompanying declaration of Nathaniel Boyer.

      2.      Exhibits I and J disclose the revenue that was generated by any and all Hearst Newspapers articles and slideshows in which Plaintiff's Tiny House Photographs were viewable. Defendants provide this information to the Court both for background and to disclose the revenue generated by the articles as a whole—although, as Defendants argue, the fact that the articles generated revenue does not establish that the revenue was attributable to the Tiny House Photographs specifically, and thus Defendants are entitled to summary judgment on the grounds that Plaintiff cannot identify any actual damages or profits that he can recover under 17 U.S.C. § 504(b).

      WHEREFORE Defendants respectfully request that the Court overrule Plaintiff's objection and deny Plaintiff's motion to exclude certain evidence submitted in support of Defendants' Motion.

[*signature block on next page*]

2

Dated:         July 13, 2020                    Respectfully submitted,

HEARST CORPORATION
OFFICE OF GENERAL COUNSEL

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan (State Bar No. 24063660)
Ravi V. Sitwala
Nathaniel S. Boyer
Nina N. Shah (admitted *pro hac vice*)
300 West 57th Street, 40th Floor
New York, NY  10019
(212) 841-7000
(212) 554-7000 (fax)
jdonnellan@hearst.com
rsitwala@hearst.com
nathaniel.boyer@hearst.com
nina.shah@hearst.com

*Counsel for Defendants*

3

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all counsel of record

through the Court's electronic filing system on July 13, 2020.


/s/ Nathaniel S. Boyer
Nathaniel S. Boyer