UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEXANDER STROSS<br><br>Plaintiff,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., THE HEARST CORPORATION, HEARST NEWSPAPERS, LLC, HEARST NEWSPAPERS II, HEARST SEATTLE MEDIA, LLC, HEARST MEDIA SERVICES CONNECTICUT, LLC, EDWARDSVILLE PUBLISHING COMPANY, LLC, MIDLAND PUBLISHING COMPANY, LLC, HURON PUBLISHING COMPANY, LLC<br><br>Defendants | CIVIL ACTION # 5:18-cv-1039-JKB-RBF<br><br>JURY DEMANDED |

**PLAINTIFF ALEXANDER STROSS' REPLY IN SUPPORT OF OBJECTIONS AND MOTION TO EXCLUDE CERTAIN EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Alexander Stross ("Plaintiff") respectfully files this Reply in Support of his Objections and Motion to Exclude Certain Evidence in Support of Defendants' Motion for Partial Summary Judgment (Doc. 108).

**OBJECTIONS**

On July 6, 2020, Plaintiff objected to a series of tables produced by the Defendants in this litigation that are purported to reflect page views and revenues generated in connection with the articles that featured Plaintiff's photographs. The exhibits were referenced in Paragraphs 10, 11 and 13 of Mr. Sitwala's Declaration (Doc. 97-1), and identified as Exhibits I, J & L. Plaintiff objected on the grounds that Mr. Sitwala lacks personal knowledge of the data set forth in the tables, Fed. R. Evid. 602, the data entries are inadmissible hearsay,

Fed. R. Evid. 801 and 802, they do not constitute Best Evidence, Fed. R. Evid. 1002, 1004, and they lack foundation, Fed. R. Evid. 901.[1]

In their Response (Doc. 110), Defendants agree that Mr. Sitwala is incompetent to authenticate Exhibits I & J, and have attempted to overcome that deficiency by presenting a new declaration from Bridget Williams, the Senior Vice President, Strategy and Operations for Hearst Newspapers Digital Media.  However, Ms. Williams' declaration fails to overcome the authentication and admissibility problems, and in any event should be stricken for the same reasons that Plaintiff has sought to preclude Defendants from introducing evidence on the issue of its gross earnings — because they failed to present a competent 30(b)(6) witness on this subject. *See* Pltf.'s Mtn. to Modify and Request for Rule 37(d) Sanctions (Doc. 76).

On a motion for summary judgment, supporting affidavits or declarations must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The newly submitted declaration of Ms. Williams does not meet that standard.

Ms. Williams' testimony implies that the Exhibits I & J are "business records;" however, her more specific testimony reveals that they were specially prepared for purposes of litigation, based on historical records which themselves have not been produced or authenticated. Williams Decl., ¶¶ 2-3.  Ms. Williams also admits that the tables are prepared on the basis of data provided by a third party — Google (*Id*., ¶ 6) — and therefore contain hearsay within hearsay.  The tables are also untrustworthy, as Ms. Williams admits that they are mere "estimates" of revenues, and that they contain errors. *Id*. ¶¶ 3, 4, 6.  She states that she

---

[1] Plaintiff also has a Motion pending before the Court in which he has requested Rule 37(d) sanctions in the form of an order precluding the Defendants from introducing any evidence on these topics due to their failure to produce a 30(b)(6) witness competent to testify as to them. (Doc. 76) at 4, 7, 9-10.

"understands that there are technical reasons why there might be slight overreporting or underreporting of pageviews," but fails to identify the source of that knowledge, and fails to explain why those errors occur, or why they would necessarily be "slight." *Id*. ¶ 6.  One huge issue with the tables is that they don't even reflect all of the websites at issue.  This is unsurprising since Exhibit I was prepared at a time when Defendants were still refusing to disclose all websites that displayed Stross' photos; and even then, the table did not reflect all 27 websites that had been disclosed.[2]  During their 30(b)(6) depositions, Defendants were utterly incapable of explaining this discrepancy, and Ms. Willaims' declaration doesn't even attempt to do so.

In summary, the records do not qualify as business records Fed. R. Evid. 806(3), the data entries are inadmissible hearsay and contain hearsay within hearsay, Fed. R. Evid. 801 and 802, they do not constitute Best Evidence, Fed. R. Evid. 1002, 1004, they lack foundation, Fed. R. Evid. 901, and they are untrustworthy.

Defendants also admit that Mr. Sitwala failed to lay a proper foundation for Exhibit L, and assert that the Exhibit is now "addressed" in the "accompanying Declaration of Nathanial Boyer." Defs.' Resp. at 2.  Presumably Defendants are referring to the declaration that accompanies Defendants' Reply in Support of their Motion for Partial Summary Judgment (Doc. 109-1).  In that declaration, Mr. Boyer states that he prepared the table in connection with the Defendants' amended responses to Plaintiff's discovery. *Id*., ¶ 3.  However, the discovery response to which he refers reflects that Mr. Boyer based his table on (a) the same tables reflected in Exhibits I & J (which have yet to be authenticated or have any proper foundation laid; and are, as Ms. Williams admits, mere estimates that contain inaccuracies), and (b) a third

---

[2] *See* Pltf.'s Mtn. to Modify and Request for Rule 37(d) Sanctions (Doc. 76) at 3-4.

table that Defendants have not even attempted to authenticate. *See* Sitwala Decl., Ex. K (Doc. 97-12). Mr. Boyer lacks personal knowledge, Fed. R. Evid. 602, the data entries are inadmissible hearsay and contain hearsay within hearsay, Fed. R. Evid. 801 and 802, they do not constitute Best Evidence, Fed. R. Evid. 1002, 1004, and they lack foundation, Fed. R. Evid. 901. Finally, even if Exhibit L was properly authenticated, it is grossly inaccurate for the reasons previously addressed in Plaintiff's briefing, and therefore untrustworthy. *See* Pltf.'s Resp. to Defs.' Mtn. to Exclude and Request for Rule 37(d) Sanctions at 15-16 & n. 39.

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain Plaintiffs' objections to the summary judgment evidence, and exclude Exhibits I, J & L from consideration in support of Defendants' Motion for Partial Summary Judgment and/or their reply brief (Doc. 109).

Dated July 20, 2020,

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone: 512/236-0150
Fax: 512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF ALEXANDER STROSS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.

/s/ R. Buck McKinney