UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALEXANDER STROSS,

       **Plaintiff,**

v.                                **NO.  SA-18-CV-01039-JKP**

HEARST COMMUNICATIONS, INC.,
HEARST CORPORATION,  HEARST
NEWSPAPERS, LLC,  HEARST
NEWSPAPERS II, LLC,  HEARST
SEATTLE MEDIA, LLC,  HEARST
MEDIA SERVICES CONNECTICUT,
LLC,  MIDLAND PUBLISHING
COMPANY. LLC,  HURON
PUBLISHING COMPANY, LLC,
EDWARDSVILLE PUBLISHING
COMPANY, LLC,

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alexander Stross's Motion for Partial Summary Judgment and Defendants' response. *ECF Nos.* 98, 106, 112. Upon consideration, the Court concludes the motion shall be DENIED. While Defendants disagree with Stross's contention that he is entitled to summary judgment on their affirmative defenses of collateral estoppel and lack of personal jurisdiction, Defendants voluntarily withdraw these affirmative defenses. Accordingly, Defendants' asserted affirmative defense of collateral estoppel and Defendants' challenge to personal jurisdiction are stricken and dismissed with prejudice.

### Factual Background

This is a copyright-infringement case involving photographs taken by Plaintiff Alexander Stross. It is undisputed Stross owns the copyright to the subject photographs which depict a group of "tiny houses" on the Llano River ("the Tiny House photos"). In 2015, through

an email exchange, Stross gave the San Antonio Express News and Country Living Magazine, publications owned by two of the Defendants, permission to publish the photos.

In bringing this action, Stross alleges he granted limited authorization to the San Antonio Express News and Country Living Magazine to use the subject photographs in a single article in each publication; however, Defendants made numerous other unauthorized uses of the photographs, particularly through reproduction in social media, while also removing the credit line and a hyperlink to Stross's website. Stross also claims another publication owned by one of the Defendants used a second set of his photographs of another residential property (the Renovation Photos) without authorization.

Based upon these allegations, Stross brings a cause of action for copyright infringement against all Defendants (direct infringement claim). In addition, Stross asserts a cause of action for contributory copyright infringement against all Defendants (secondary infringement claim), stating, Hearst Newspapers induced, and/or materially contributed to the infringing conduct of these entities by sharing his photographs with those individual entities, and facilitating their republication. By doing so, Hearst Newspaper's actions constitute willful infringement of Stross's copyrights because it knew these Defendants' use of his photographs was not authorized and/or because it acted in reckless disregard of Stross's copyright.

Defendants assert the following affirmative defenses: (1) Stross's claims are barred by the doctrine of fair use because the photographs at issue were used for newsworthy purposes, and there was no effect upon the market for the photographs at issue; (2) lack of willfulness because any infringement was inadvertent and not willful; (3) Stross's claim is barred because he licensed some or all of the photographs to one or more of the Defendants for the uses he challenges in this action; (4) Stross's claims are barred because he consented to uses of his allegedly copyrighted works; (5) Stross is barred by the doctrine of collateral estoppel from relitigating any or all of any issues in this action that could be resolved in other litigation

concerning the works at issue in this case; (6) Stross's claims are barred because he failed to mitigate his damages; (7) Stross suffered no actual damages; (8) Stross fails to plead facts sufficient to support an exercise of personal jurisdiction over all Defendants, and not all Defendants are subject to personal jurisdiction; and (9) Stross's claims against all Hearst Defendants are barred by the applicable three-year statute of limitations.

Stross now moves for partial summary judgment on his direct copyright infringement cause of action and upon all of Defendants' affirmative defenses.

## Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] A dispute is "genuine" where there is sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016).

---

[1]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. The moving party has the burden to "demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law" to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Union Planters Nat'l Leasing*, 687 F.2d at 121. To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Celotex Corp.*, 477 U.S. at 331; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008).

"When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017)). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by alleging the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also* Fed.R.Civ.P. 56(c). Upon the shifting burden "[u]nsubstantiated assertions, improbable inferences, and

unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## Discussion

### 1. Copyright Infringement Cause of Action

Stross contends he is entitled to summary judgment on the direct copyright infringement cause of action because there is no genuine dispute whether Defendants copied and displayed his registered photographs without authorization.

The Copyright Act gives a copyright owner the exclusive right to reproduce the copyrighted work and display it publicly. 17 U.S.C. § 106(1), (5). Copyright infringement can be direct or secondary. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017). For direct copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Id*. at 438–39 (5th Cir. 2017)(quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361, (1991)). In direct-infringement cases, the Fifth Circuit requires the plaintiff also establish the defendant acted with "volitional conduct." *BWP Media USA, Inc.*, 852 F.3d at 439. In the context of the facts in this case, this volitional-conduct requirement protects website owners and internet service providers that merely "serv[e] as ... passive conduit[s] for copyrighted material." *Id*. at 439-42 (no liability for defendant that "hosts the [online] forum on which infringing content was posted" by others). "Generally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract." *Energy Intelligence Group, Inc. v. Bank of Am., N.A.*, 4:17-CV-3767, 2018 WL 3303166, at *6 (S.D. Tex. July 5, 2018) (quoting *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999),

*abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)). However, if the licensee acts outside the scope of the license, the licensor may sue for copyright infringement. *Energy Intelligence Group, Inc.*, 2018 WL 3303166, at *6.

Stross moves for summary judgment only on the direct copyright infringement cause of action asserted against all Defendants. In this regard, Stross presents argument and summary judgment evidence pertaining only to the elements of the cause of action: whether he owned a valid copyright and whether Defendants violated his exclusive rights. Because he "established ownership, copying and display," Stross contends he "is entitled to summary judgment as to infringement."

While Stross presents summary judgment evidence establishing he owns the copyright to the subject photos and Defendants used them, these points are not in dispute. Further, proof of these two elements, alone, does not entitle Stross to summary judgment on the direct copyright infringement cause of action. Defendants' use must be unauthorized for liability to attach.

The existence of a license or other authorization of the use of copyrighted material is an affirmative defense to an allegation of infringement. *Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.,* 128 F.3d 872, 884 (5th Cir. 1997). Defendants present summary judgment evidence to raise a genuine dispute of material fact regarding the extent of any authorization or licensure Stross gave them for use of his photographs, whether their use of the photographs exceeded the scope of any authorization given, and whether they acted with volitional conduct. In fact, dispute whether Defendants use of Stross's photos was within the authorization given is the core of this case. The parties dispute whether the email exchange in which Stross granted permission for Defendants' use of his photographs limited such use to a single article in the San Antonio Express News and Country Living Magazine and whether such use was conditioned upon the placement of a credit and hyperlink to Stross's website.

Accordingly, a genuine dispute of material fact exists as to Defendants' license defense, which in turn creates a genuine dispute of material fact as to Stross's direct copyright infringement cause of action. *See Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, 3:16-CV-1651-L, 2017 WL 5479611, at *4–5 (N.D. Tex. Nov. 15, 2017). Because genuine disputes of material fact exist, Stross is not entitled to summary judgment on his direct copyright infringement cause of action.

### 2. Affirmative Defenses

### a. Fair Use

Stross contends he is entitled to summary judgment on Defendants' affirmative defense of fair use because no reasonable jury could render a verdict in Defendants' favor.

Fair use is an affirmative defense for which the defendant has the burden to establish that an otherwise infringing use is excused. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994). To determine applicability, courts weigh and consider four non-exclusive factors: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect on the potential market for or value of the copyrighted work. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 577-78. Because fair use is a mixed question of law and fact, it may be resolved on summary judgment only if a reasonable trier of fact could reach only one conclusion. *Peteski Prods. v. Rothman*, 264 F. Supp. 3d 731, 734 (E.D. Tex. 2017).

Stross's Motion for Summary Judgment on the fair-use affirmative defense fails for the same reasons summary judgment on the direct copyright infringement cause of action fails. A genuine dispute of material fact exists whether Defendants' conduct infringed upon Stross's copyright. The basis of a fair-use affirmative defense is any use of copyright material must be

"otherwise infringing" and, if so, whether such conduct is excused after considering the fair-use elements.

Defendants present summary judgment argument and evidence to raise a genuine dispute of material fact regarding the extent of any authorization Stross gave to Defendants for their use of his photographs and whether Defendants' use of any photographs exceeded the scope of any such authorization given. Based upon this genuine dispute, a reasonable trier of fact could reach more than one conclusion regarding whether Defendants' use of the subject photographs was "otherwise infringing". If a jury could find Defendants' conduct was not "infringing" then the fair-use affirmative defense is never reached. Accordingly, Stross is not entitled to summary judgment on this affirmative defense.

### b. License and Consent

Stross seeks summary judgment on Defendants' affirmative defenses of license and consent.

As previously discussed, Defendants present summary judgment evidence to raise a genuine dispute of material fact regarding the extent of any authorization Stross gave to Defendants for their use of his photographs and whether Defendants' use of any photographs exceeded the scope of any such authorization given. The focus of this dispute is the email exchange in which Stross contends he granted permission for only one article, and Defendants argue a reasonable trier of fact could construe the permission to be unlimited.

Based upon this genuine dispute, a reasonable trier of fact could reach more than one conclusion regarding whether the email constitutes a license, whether Stross granted Defendants license and/or consent to use his photographs, and whether Defendants' use of any photographs exceeded the scope of any consent or license given. Consequently, triable disputes about the existence of, or scope of, any license and/or consent warrant denial of Stross's request for summary judgment on these affirmative defenses.

### c.  No Willfulness

The issue of "willfulness" is not necessarily an affirmative defense, but instead is an element of Stross's direct copyright infringement cause of action. Nevertheless, Defendants assert this as an affirmative defense. In this Motion for Summary Judgment, Stross contends generally "w]hile this allegation – if true – might have some relevance to damages, it does not shield Defendants from liability for infringement, and should not prevent the Court from granting summary judgment on Stross' infringement claim (with damages to be decided by the trier of fact). Moreover, in light of the undisputed facts, Stross is entitled to summary judgment on this issue."

To begin, in his general argument, Stross fails to satisfy his initial responsibility of informing the Court of the basis of his motion and demonstrating the lack of evidence to establish lack of willfulness. *See Union Planters Nat'l Leasing*, 687 F.2d at 121; *Celotex*, 477 U.S. at 331. This deficient argument, alone, is sufficient basis to deny summary judgment on this issue.

Similar to the previous affirmative defenses, Defendants present summary judgment evidence to raise a genuine dispute of material fact regarding the extent of any authorization Stross gave to Defendants for their use of his photographs and whether Defendants' use exceeded the scope of any such authorization given. Based upon resolution of these disputes, a reasonable trier of fact could reach more than one conclusion whether Defendants acted with "willfulness" in committing any infringing conduct. Consequently, triable disputes about the existence of, or scope of, any authorization given and whether any infringement was "willful" warrant denial of Stross's request for summary judgment on this asserted "affirmative defense."

Consequently, Stross is not entitled to summary judgment on the willfulness "affirmative defense."

### d. No Damages

Defendants assert as an affirmative defense: "Plaintiff has suffered no damages."

Stross contends he is entitled to summary judgment on this "affirmative defense" because he

> presented evidence of actual damages (Stross Decl., ¶ 26), and Defendants have identified no controverting evidence other than a self-serving suggestion that they would not have paid to use the photographs. Defendants' willingness to pay a license fee has nothing to do with actual damages; and in any event, injury isn't an element of liability for copyright infringement.

Based upon this argument, Stross contends "this boilerplate defense should not prevent the Court from granting summary judgment on Stross' infringement claim (with damages to be decided by the factfinder)."

Even if Stross presents summary judgment evidence on his purported damages, this does not entitle him to summary judgment on his direct copyright infringement cause of action, as requested. This Court has already determined genuine disputes of material fact preclude Stross's entitlement to summary judgment on his direct copyright infringement cause of action. For these reasons, Stross's argument fails, and he is not entitled to summary judgment on this "affirmative defense" of "no damages."

### e. Failure to Mitigate

Stross argues he "is entitled to summary judgment because Defendants have failed to identify any consequential damages that could have been avoided or minimized by reasonable effort or expense…. Even if they had, . . . Defendants' boilerplate defense of "failure to mitigate" does not shield them from liability for infringement, and should not prevent the Court from granting summary judgment on liability."

Stross presents no plausible argument to support summary judgment on this affirmative defense, but instead argues Defendants' failure to adequately plead or prove failure to mitigate damages entitles him to summary judgment on his direct copyright infringement cause of

10

action. However, even if true, Defendants' failure to adequately plead or prove mitigation of damages does not entitle Stross to summary judgment on the direct copyright infringement cause of action. This Court has already determined genuine disputes of material fact preclude Stross's entitlement to summary judgment on his direct copyright infringement cause of action. For these reasons, Stross's argument fails, and he is not entitled to summary judgment on the affirmative defense of failure to mitigate damages.

### f.  Statute of Limitations

As shown in the pleadings, Defendants' statute of limitations defense is predicated on their contention that Stross's copyright infringement causes of action on the Tiny House photos accrued in May 2015 when the Original Express News and Country Living Magazine articles were first published. With regard to the Renovation photographs, Defendants contend Stross's copyright infringement causes of action accrued in August of 2015 when the House Beautiful article was first published. Both accruals are more than three years prior to the date Stross filed suit on October 2, 2018.

In this Motion for Partial Summary Judgment, Stross contends he is entitled to summary judgment on his issue that the discovery rule applies to this affirmative defense because he presented competent summary judgment evidence showing he did not discover any of the Defendants' uses of the Tiny House Photos until March 23, 2017, and he did not discover House Beautiful's unauthorized use of the Renovation Photos until July, 2017. Because Defendants produce no controverting evidence, Stross contends he is "entitled to summary judgment on this defense."

Thus, Stross seeks summary judgment on his discovery-rule defense to the statute of limitations affirmative defense. This request is improper within the context of the shifting summary judgment burdens of proof. This Court will not issue declaratory summary judgment on Stross's discovery-rule defense to Defendants' statute of limitations affirmative defense.

Thus, this request will be liberally construed to mean Stross seeks summary judgment on Defendants' statute of limitations affirmative defense, meaning he is not barred from pursuing these copyright infringement causes of action based upon application of the discovery rule.

> Defendants respond only that:

> [a]s explained in Defendants' Motion, this presents an issue of first impression for the courts of the Fifth Circuit: Whether the so-called "discovery rule" adopted by the Court of Appeals for the Fifth Circuit has been abrogated by the Supreme Court's decisions in *Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663 (2014), and *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019). For the reasons explained in Defendants' Motion, this Court should answer that question in the affirmative, and grant summary judgment as to Plaintiff's untimely claim concerning the Renovation Photographs

> Thus, Defendants do not respond to Stross's argument of entitlement to summary judgment on the statute of limitations defense. Instead, Defendants refer the Court to their own Motion for Partial Summary Judgment urging the Court to render summary judgment in their favor on this affirmative defense.

> Here, Stross, as the plaintiff, moves for summary judgment on an affirmative defense on which Defendants will bear the burden of proof at trial. In this context, Stross may satisfy his initial burden by presenting evidence which points the Court to the absence of admissible evidence to support Defendants' affirmative defense. *See Armas*, 2019 WL 2929616, at *2 (citing *Celotex Corp.*, 477 U.S. at 325); *see also Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). Then, only within the context of a plaintiff's summary judgment motion, the burden shifts to Defendants to show all essential elements of its statute of limitations defense, because it has the burden of proof at trial. *See Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co*., 420 F. Supp. 3d 562, 576 (W.D. Tex. 2019). To carry its summary judgment burden, Defendants must establish each cause of action accrued outside the applicable limitations period. *Id*.; *Wetsel v. State Farm Lloyds Ins. Co*., No. 3:02-CV-0510-D, 2002 WL 1592665, at *3 (N.D. Tex. July 18, 2002). If Defendants carry this burden, Stross, then has the burden to

show a material factual dispute regarding the timeliness of its action, such as a showing that the action is timely through the discovery rule.

To satisfy his burden of proof in this context, Stross presents sufficient summary judgment evidence to point the Court to the absence of evidence to support Defendants' statute of limitations affirmative defense. This summary judgment evidence consists of Stross's declaration attesting he discovered Defendants' uses of the Tiny House Photos in March 23, 2017, and he discovered House Beautiful's use of the Renovation Photos in July 2017. He has also tendered a declaration stating that he wasn't aware of any "suspicious circumstances" that would have awakened inquiry at any earlier date.

The burden then shifts to Defendants to establish the copyright infringement causes of action accrued outside the applicable limitations period. Here, Defendants' response is improper and insufficient. Upon the shifting burden "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234. Furthermore, this Court has no duty to search the record for argument and evidence to support Defendants' position and mutual argument for entitlement to summary judgment. *See RSR Corp.*, 612 F.3d at 857; *Hernandez*, 670 F.3d at 651. In accordance, this Court will decline to do so.

Defendants do present argument on a purely legal issue whether the Fifth Circuit applies the "discovery rule" or the "injury rule" to determine the accrual of copyright infringement actions. Because this is a purely legal issue, this Court will address it.

A cause of action for copyright infringement must be filed within three years of accrual. 17 U.S.C. § 507(b). The Fifth Circuit applies the discovery rule to determine accrual of a copyright infringement cause of action, that is, such claims accrue upon actual or constructive discovery of the relevant infringement. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014)(citing *Jordan v. Sony BMG Music Entm't Inc.*, 354 Fed.Appx. 942, 945

(5th Cir. 2009)); *see also Edwards v. Take Fo' Records, Inc.*, CV 19-12130, 2020 WL 3832606, at *15 (E.D. La. July 8, 2020).

Defendants contend the Fifth Circuit's use of the discovery rule was abrogated by the Supreme Court's decisions in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), and *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019). Relying on these cases, Defendants contend this Court should apply the "injury rule" to determine accrual, that is, the causes of action accrued on the initial date of injury, and not the date of discovery. However, in the context of the facts of this case and the scant arguments presented on the issue, this Court declines to go against long established precedent. In *Petrella v. Metro-Goldwyn-Mayer, Inc.*, the Supreme Court held laches cannot be invoked as a bar to adjudication of a claim brought within the Copyright Act's three-year limitations period. *See Petrella*, 572 U.S. at 670-78. This is not the issue here. In *Rotkiske v. Klemm*, the Supreme Court held that absent the application of an equitable doctrine, the statute of limitations of a cause of action brought under the Fair Debt Collection Practices Act begins to run when the alleged violation occurs, not when the violation is discovered. *See Rotkiske* 140 S. Ct. at 359 – 362. This is not the issue here.

Consequently, this Court will apply the discovery rule to determine accrual of this direct copyright infringement cause of action. Defendants fail to present summary judgment evidence to address the issue of when Stross discovered any infringement and to establish their contention the copyright infringement causes of action accrued outside the applicable limitations period. Thus, Defendants fail to satisfy their burden on this issue.

However, this deficiency, alone, does not, *per se*, entitle Stross to summary judgment on Defendants' affirmative defense, as Stross requests. "Inquiries involving the discovery rule usually entail questions for the trier of fact." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). Further, issues "[w]hen a plaintiff discovers or should have discovered the cause of his injury and whether a particular plaintiff exercised due diligence in so discovering are questions

of fact" unless the evidence can support only one reasonable conclusion. *Pirtle v. Kahn*, 177 S.W.3 d 567, 572 (Tex. App. App.—Houston [1st Dist.] 2005, pet. denied); *see also Raytheon Co. v. Indigo Sys. Corp*., 4:07-CV-109, 2014 WL 5341920, at *1 (E.D. Tex. Sept. 30, 2014). Stross presents no evidence which supports only one conclusion with regard to his discovery of the accrual of the direct copyright infringement cause of action.

The Court finds the summary-judgment record contains evidence which raises issues of fact of when Stross discovered or should have discovered the copyright causes of action and whether he exercised due diligence. For this reason, Stross's request for summary judgment on the affirmative defense of statute of limitations is denied because issues of fact must be determined by a jury regarding the accrual of his causes of action.

### Conclusion

For the reasons stated, Stross's Motion for Partial Summary Judgment is DENIED. Defendants' voluntarily withdrawn affirmative defense of collateral estoppel and challenge to personal jurisdiction are stricken and dismissed with prejudice.


It is so Ordered.
SIGNED this 3rd day of September, 2020.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE