UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALEXANDER STROSS,

  Plaintiff,

v.              NO.  SA-18-CV-01039-JKP

HEARST COMMUNICATIONS, INC.,
HEARST CORPORATION,  HEARST
NEWSPAPERS, LLC,  HEARST
NEWSPAPERS II, LLC,  HEARST
SEATTLE MEDIA, LLC,  HEARST
MEDIA SERVICES CONNECTICUT,
LLC,  MIDLAND PUBLISHING
COMPANY. LLC,  HURON
PUBLISHING COMPANY, LLC,
EDWARDSVILLE PUBLISHING
COMPANY, LLC,

  Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment and Plaintiff Alexander Stross's response. *ECF Nos.* 97, 105, 107, 109. Upon consideration, the Court concludes the motion shall be DENIED. All related objections to summary judgment arguments and evidence are overruled.

### Factual Background

This is a copyright-infringement case involving photographs taken by Plaintiff Alexander Stross. It is undisputed Stross owns the copyright to the subject photographs which depict a group of "tiny houses" on the Llano River ("the Tiny House photos"). In 2015, through an email exchange, Stross gave the San Antonio Express News and Country Living Magazine, publications owned by two of the Defendants, permission to publish the photos.

1

In bringing this action, Stross alleges he granted limited authorization to the San Antonio Express News and Country Living Magazine to use the subject photographs in a single article in each publication; however, Defendants made numerous other unauthorized uses of the photographs, particularly through reproduction in social media, while also removing the credit line and a hyperlink to Stross's website. Stross also claims another publication owned by one of the Defendants used a second set of his photographs of another residential property (the Renovation Photos) without authorization.

Based upon these allegations, Stross brings a cause of action for copyright infringement against all Defendants (direct infringement claim). In addition, Stross asserts a cause of action for contributory copyright infringement against all Defendants (secondary infringement claim), stating, Hearst Newspapers induced, and/or materially contributed to the infringing conduct of these entities by sharing his photographs with those individual entities, and facilitating their republication. By doing so, Hearst Newspaper's actions constitute willful infringement of Stross's copyrights because it knew these Defendants' use of his photographs was not authorized and/or because it acted in reckless disregard of Stross's copyright.

Defendants assert the following affirmative defenses: (1) Stross's claims are barred by the doctrine of fair use because the photographs at issue were used for newsworthy purposes, and there was no effect upon the market for the photographs at issue; (2) lack of willfulness because any infringement was inadvertent and not willful; (3) Stross's claim is barred because he licensed some or all of the photographs to one or more of the Defendants for the uses he challenges in this action; (4) Stross's claims are barred because he consented to uses of his allegedly copyrighted works; (5) Stross is barred by the doctrine of collateral estoppel from relitigating any or all of any issues in this action that could be resolved in other litigation concerning the works at issue in this case; (6) Stross's claims are barred because he failed to mitigate his damages; (7) Stross suffered no actual damages; (8) Stross fails to plead facts

sufficient to support an exercise of personal jurisdiction over all Defendants, and not all Defendants are subject to personal jurisdiction; and (9) Stross's claims against all Hearst Defendants are barred by the applicable three-year statute of limitations.

Defendants now move for partial summary judgment.

## Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] There is no genuine dispute for trial when a rational trier of fact could not find in favor of the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. The moving party has the burden to "demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law" to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Celotex Corp.*, 477 U.S. at 331; *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

"When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017)). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by alleging the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also* Fed.R.Civ.P. 56(c).

While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function is not "'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249)); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

**Discussion**

In their Motion for Partial Summary Judgement, Defendants "seek summary judgment that:

(1) Plaintiff cannot establish actual damages given that he consistently licensed the at-issue photographs for free during the relevant time period and there is no

> evidence that any of Defendants' profits are attributable to the photographs; (2) Plaintiff failed to comply with his Rule 26 obligation to provide a statutory damages computation and should therefore be precluded from presenting any damages case pursuant to Rule 37(c)'s automatic, self-executing sanction; (3) Plaintiff is limited to at most two statutory damages awards because the Tiny Houses Photographs and the Renovation photographs each constitute a single work, the Newspaper Defendants are each jointly and severally liable, and the use of the Renovation photographs is time-barred and was a fair use of Plaintiff's self-published Renovation photographs; and (4) any infringement by Defendants was not willful because there is no evidence whatsoever that would support such a finding."

While each of these are improper requests for summary judgment relief, this Court will construe these requests liberally to present different arguments supporting summary judgment on the damages element of Stross's copyright infringement causes of action. In the fourth request, Defendants also seek a summary-judgment declaration on the issue of "willfulness" pertinent to the direct copyright infringement cause of action.

**Request (1):**

In their first argument for summary judgment relief, Defendants contend "Stross provided free licenses to numerous entities at the time of the alleged infringement," and therefore, "there is no evidence in the record that could support a finding that any of Defendants' profits are attributable to their alleged infringement of Plaintiff's copyrights. . . . Accordingly, the undisputed evidence shows that Stross cannot establish actual damages and summary judgment is warranted."

To begin, it is unclear from the request whether Defendants seek summary judgment on their copyright infringement causes of action based upon lack of damages or whether they seek summary judgment on the element of damages. The Court will liberally construe Defendants' argument to be the former: Defendants seek summary judgment on their copyright infringement causes of action based upon lack of damages.

As the summary-judgment movant, Defendant have the initial burden to show there was no genuine dispute among the parties as to the existence of any actual damages and,

accordingly, they are entitled to judgment on Stross's actual damages. Fed.R.Civ.P. 56(a); *see also Celotex Corp.*, 477 U.S. at 327. If satisfied, the burden shifts to Stross to provide nonspeculative evidence establishing a genuine dispute as to the existence of actual damages. *See Matsushita Elec. Co.*, 475 U.S. at 586–87).

To support this request, Defendants argue "Stross provided free licenses to numerous entities." Even if accepted as true, the fact that Stross might have provided a free license to other entities does not establish the absence of evidence of damages pertaining to Defendants' alleged unauthorized use of his photos as a matter of law. Further, even if accepted as true, the summary judgment record contains sufficient evidence which could support a finding that Stross suffered damages attributable to Defendants' alleged infringement of his copyright.

For these reasons, Defendants fail to meet their burden to establish entitlement to summary judgment on the element of damages, or lack of damages.

**Request (2):**

In their second argument for summary judgment relief, Defendants contend "Plaintiff should be precluded from presenting any damages case based on his failure to comply with his Rule 26 obligation to provide a computation of the damages he seeks."

Summary judgement is the improper avenue for the requested relief. Any failure to comply with Federal Rule 26 is insufficient, alone, to warrant summary judgment on damages. *E.E.O.C. v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2010 WL 1644909, at *5-*6 (N.D. Tex. Apr. 22, 2010). Instead, Defendants must establish a right to any sanction of exclusion of evidence under Federal Rule 37(c). If secured, then summary judgment demonstrating the absence of evidence on damages would be a viable course of action. *See id.*; *see also Hovanec v. Miller*, 331 F.R.D. 624, 633-37 (W.D. Tex. 2019).

**Request (3):**

In their third argument, Defendants argue "Stross is limited to at most two statutory damages." Defendants contend

> the groups of photographs of the Tiny Houses and the Renovation each constitute a single work. And the Newspaper Defendants are each jointly and severally liable. Accordingly, should Plaintiff establish infringement, Plaintiff is limited to at most three statutory damages awards, and given that the use of the Renovation photographs was fair use and any challenge to that use is time-barred as discussed below, Plaintiff is limited to at most two awards.

Jumbled in this quoted contention are multiple, fragmented arguments seeking findings on disjointed issues of law - all dependent upon determinations of underlying disputed facts. Defendants fail to articulate argument which could support summary judgment, and therefore, fail to satisfy their burden to establish entitlement to summary judgment on damages based upon this argument.

**Request (4): Finding on "Willfulness"**

Defendants argue they are entitled to partial summary judgment on Stross's "claim of willful copyright infringement because there is no evidence of willfulness."

Summary judgment is an improper avenue for determination of this specific, single element of a party's cause of action. To begin, Defendants provide only broad, conclusory arguments. Defendants fail to satisfy their initial responsibility of informing the Court of the evidence in the record establishing the basis of their motion and demonstrating the lack of evidence to establish lack of willfulness. *See Celotex Corp.t*, 477 U.S. at 323; *Union Planters Nat'l Leasing*, 687 F.2d at 121. Defendants do not identify portions of the record that demonstrate the absence of a triable dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Union Planters Nat'l Leasing*, 687 F.2d at 121. Unsupported allegations setting forth conclusory facts and conclusions of law are insufficient to support a motion for summary judgment. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Assuming Defendant could satisfy their summary judgment burden, Stross presents summary judgment evidence sufficient to raise a genuine dispute of material fact regarding the extent of any authorization Stross gave to Defendants for use of his photographs and whether Defendants' use of any photographs exceeded the scope of any such authorization given. Based upon resolution of these disputes, a reasonable trier of fact could reach more than one conclusion whether Defendants acted with "willfulness" in committing any infringing conduct. Consequently, summary judgment on the element of "willfulness" is not warranted.

## Conclusion

For the reasons stated, the Court concludes Defendants' Motion for Partial Summary Judgment shall be DENIED. All related objections to summary judgment argument and evidence are overruled.

It is so Ordered.
SIGNED this 3rd day of September, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE