UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALEXANDER STROSS,**

    **Plaintiff,**

v.                                              No.  SA-18-CV-01039-JKP

**HEARST COMMUNICATIONS, INC., HEARST CORPORATION,  HEARST NEWSPAPERS, LLC,  HEARST NEWSPAPERS II, LLC,  HEARST SEATTLE MEDIA, LLC,  HEARST MEDIA SERVICES CONNECTICUT, LLC,  MIDLAND PUBLISHING COMPANY. LLC,  HURON PUBLISHING COMPANY, LLC,  EDWARDSVILLE PUBLISHING COMPANY, LLC,**

    **Defendants.**

## ORDER

On August 28, 2020, this Court granted Plaintiff Alexander Stross's Motion to Compel Defendant Hearst Communications Inc.'s Responses to Discovery. *ECF No. 124*. Stross moved for compensation of expenses and attorney fees related to the filing of this Motion to Compel against Hearst Communications Inc.

Upon granting such a motion to compel, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may not compel payment of reasonable expenses if one of the following exceptions applies: (1) the movant filed the motion before attempting in faith to obtain discovery without court intervention; (2) the opposing

party's response/objection was substantially justified; or (3) other circumstances make an award unjust. *Id*.

On September 4, 2020, this Court held a hearing and received arguments on the reasonableness of Stross's requested expenses and attorney's fees incurred in preparing the Motion to Compel and whether any exception applied. The Court also received arguments regarding the adequacy of Defendants' production in response to the Court's Order granting the Motion to Compel.

The Court concludes none of the exceptions to imposition of expenses and attorney fees applies. Stross provided evidence of expenses and attorney fees of $10,255.00 associated with filing the Motion to Compel. The Court finds this amount is reasonable.

It is therefore ORDERED Hearst Communications Inc. shall pay $10,255.00 to Stross through his attorney on or before September 15, 2020.

Hearst Communications, Inc. and any other Defendant shall supplement written responses to discovery on or before September 15, 2020. Defendants must provide *all* information and documents responsive to Requests for Production Nos. 28 and 29, including a complete and unredacted version of the complete email and internal conversation referred to as the "bug report". This supplementation shall include any internal correspondence discussing all issues identified in the bug report and/or the Defendants' efforts to address these issues, which includes but is not limited to: (1) any and all related and/or follow up emails and conversations pertaining to all subject matters of the "bug report"; (2) correspondence discussing technical issues related to the "bug report"; and (3) correspondence discussing the potential consequences of those technical issues and how Defendants might address them. This supplementation shall cover all responsive discovery from the time of the original "bug report" email chain to the present date.

It is so ORDERED.
SIGNED this 4th day of September, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE